UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEM J. SHERVEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEFENSE ADVANCED )<br>RESEARCH PROJECTS AGENCY, )<br>)<br>Defendant. ) | Civil Action No. 1:24-cv-00159 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of the plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff purports to sue the Defense Advanced Research Projects Agency ("DARPA") under the FOIA, 5 U.S.C. § 552. *See* Compl. at 1–2. He broadly contends that he "sent numerous FOIA requests" to DARPA "over the past three years[,]" but that he has neither received any records nor any formal response. *See id*. These requests seek: "all records on studies and research into mind-control, mind-reading, psychics, psychotronic weapons, and psychic warfare;" "all information on research conducted into stimulating people's genitals with microwave radiation;" "all records on the 'Penis Laser;'" "all records on satellites used for putting 'schizophrenics' into mental hospitals and/or creating schizophrenia-like symptoms in people;" "all records on the 'Rape Machine,'" and; "all records on the 'Dream Machine.'" *See* Compl. Exhibits, ECF No. 1-1, at 2, 4, 6, 8, 10, 12, 14. He further asserts that "the American public deserves to know the truth about what the Federal Government Really is," namely, an alleged mastermind of "dangerous"

brainwashing "technology." *See id*. at 2, 10, 12, 14.  He demands that this court order DARPA to "hand over all records responsive to his requests."  Compl. at 3.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Simply put, this court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Therefore, the court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint falls squarely into this category.

Accordingly, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 23, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge